IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Charles E. Bungard, | : | |
| Plaintiff | : | Civil Action 2:06-cv-1083 |
| v. | : | Judge Holschuh |
| Ty D. Hinton, Clerk of Courts, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

## INITIAL SCREENING
## REPORT AND RECOMMENDATION

Plaintiff Bungard, an inmate at Oakwood Correctional Facility, Lima, Ohio, brings this civil rights action under 42 U.S.C. §1983. This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify

---

[1]The full text of §1915A reads:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who

cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted and therefore **RECOMMENDS** dismissal of the complaint.

The complaint alleges that on October 28, 2006 Bungard "lodged a civil complaint" with the Ross County Clerk of Courts.  Complaint, ¶ 2.  On October 30, 2006, an anonymous Ross County Common Pleas Court Clerk's Office employee returned the complaint to Bungard with a post-it note stating that the Clerk needed addresses for each defendant, a statement of inmate funds from the prison cashier together with an affidavit of indigence, and an affidavit listing each previous civil case he had filed and its outcome.  Complaint, ¶3.  The complaint alleges that the clerk's office employee "assumed [the] role of ex officio judge," denying him access to the courts.  Complaint, ¶¶ 4-8.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe the complaint in the light most

---

is immune from such relief.

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Brown v. Bargery,* 207 F.3d 863, 866 (6th Cir. 2000); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A civil "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Moreover, *pro se* prisoner complaints must be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

Prisoners do have a right of access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). To state a claim, the prisoner must demonstrate that he has suffered actual injury as a result of the alleged denial of access to the courts. *Lewis v. Casey*, 518 U.S. 343 (1996). Here the clerk's office employee merely returned the complaint because Bungard had failed to comply with Ohio law and court rules. To gain access to the courts, all he has to do is provide the information requested in accordance with Ohio law and court rules when he returns the complaint to the Ross County Clerk of Courts. Bungard has neither suffered an actual injury as a result of the clerk's office employee's actions nor been denied access to the courts.

Plaintiff Bungard has also filed a motion to join employees at the Oakwood Correctional Facility where he is incarcerated. His claims against them are not related

to his claims against the Ross County Clerk of Courts' Office.  If plaintiff believes he has an actionable claim against employees of the Oakwood Correctional Facility, he should execute a complaint and file it in the United States District Court for the Northern District of Ohio.

Accordingly, it is hereby **RECOMMENDED** that the complaint be **DISMISSED** for failure to state a claim under 42 U.S.C. §1983.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order.  Defendants are not required to answer the complaint unless later ordered to do so by the Court.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Ross County Prosecutor, 28 N Paint St., Chillicothe, OH, 45601-3125.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

x

See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge