IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Charles E. Bungard, | : | |
| Plaintiff | : | Civil Action 2:06-cv-1083 |
| v. | : | Judge Holschuh |
| Ty D. Hinton, Clerk of Courts, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**ORDER**

Plaintiff Bungard, an inmate at Oakwood Correctional Facility, Lima, Ohio, brings this civil rights action under 42 U.S.C. §1983. This matter is before the Court on the Magistrate Judge's January 11, 2007 Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c). The Magistrate Judge found

---

[1] The full text of §1915A reads:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> > (2) seeks monetary relief from a defendant who is immune from such relief.
>
> (c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is

that the complaint fails to state a claim upon which relief may be granted and recommended dismissal of the complaint.  Plaintiff has not filed any objections to the Magistrate Judge's Report and Recommendation.

The complaint alleges that on October 28, 2006 Bungard "lodged a civil complaint" with the Ross County Clerk of Courts.  Complaint, ¶ 2.  On October 30, 2006, an anonymous Ross County Common Pleas Court Clerk's Office employee returned the complaint to Bungard with a post-it note stating that the Clerk needed addresses for each defendant, a statement of inmate funds from the prison cashier together with an affidavit of indigence, and an affidavit listing each previous civil case he had filed and its outcome.  Complaint, ¶3.  The complaint alleges that the clerk's office employee "assumed [the] role of ex officio judge," denying him access to the courts.  Complaint, ¶¶ 4-8.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974);  *Brown v. Bargery,* 207 F.3d 863, 866 (6th Cir. 2000); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading.  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  A civil "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196,

---

> accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

1199 (6th Cir. 1990).  Moreover, *pro se* prisoner complaints must be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

      The Magistrate Judge correctly noted that prisoners do have a right of access to the courts.  *Bounds v. Smith*, 430 U.S. 817 (1977).  To state a claim, the prisoner must demonstrate that he has suffered actual injury as a result of the alleged denial of access to the courts.  *Lewis v. Casey*, 518 U.S. 343 (1996).  Here the clerk's office employee merely returned the complaint because Bungard had failed to comply with Ohio law and court rules.  To gain access to the courts, all he has to do is provide the information requested in accordance with Ohio law and court rules when he returns the complaint to the Ross County Clerk of Courts.  The Magistrate Judge correctly concluded that Bungard has neither suffered an actual injury as a result of the clerk's office employee's actions nor been denied access to the courts.

      Accordingly, the Court **ADOPTS** that Magistrate Judge's January 11, 2007 Report and Recommendation. The Clerk of Court is DIRECTED to enter JUDGMENT dismissing the complaint for failure to state a claim under 42 U.S.C. §1983.


Date: February 15, 2007                                **/s/ John D. Holschuh**
                                                                  John D. Holschuh
                                                                  United States District Judge